89 F.3d 828
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patrice MANSELL, Plaintiff-Appellant,
v.
Steve A. GREGOIRE; United States of America, Defendants-Appellees.
 No. 96-1025.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1996.
Decided July 2, 1996.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-95-3920-S).
 Patrice Mansell, Appellant Pro Se. George Levi Russell, III, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.
 D.Md.
 VACATED.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals the district court order dismissing his claim for lack of subject matter jurisdiction. We vacate and remand.
 
 
 2
 Briefly, the facts of Appellant's case are as follows. Appellant, a federal employee, filed suit in state court against a co-employee for defamation. The Defendant co-employee, through an Assistant United States Attorney, removed to federal court under 28 U.S.C. §§ 1442(a)(1), 2679(d) (1988). The Assistant United States Attorney then moved for substitution of the United States as a party under § 2679(d). In support of this motion, the Assistant United States Attorney presented the United States Attorney's certification that the co-employee was acting within the scope of his employment. Appellant argued against removal and substitution. The district court granted substitution, then dismissed for lack of subject matter jurisdiction because the Appellant had not presented an administrative claim to the appropriate agency under the Federal Tort Claims Act.
 
 
 3
 Appellant noted a timely appeal, arguing that removal was improper under § 1442(a)(1) and that the United States was improperly substituted as the Defendant. Although we find removal to have been proper, we find that the record requires further development on the substitution issue. The district court's order states that it granted the motion "for good cause shown." The only "cause" presented by the Defendant, however, was an assertion that certification of scope of employment is conclusive for purposes of both removal and substitution. This is only a half truth. Such certification is conclusive for purposes of removal only--not substitution. Gutierrez de Martinez v. Lamagno, --- U.S. ----, 63 U.S.L.W. 4584, 4589 (U.S. June 14, 1995) (No. 94-167). Since the district court erroneously believed itself to be bound by the United States Attorney's certification, it never developed a record or made findings on the scope of employment issue. Therefore we grant leave to proceed in forma pauperis on appeal, vacate the district court's opinion, and remand this action to allow the district court to review this issue in accordance with Gutierrez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.